UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILFRED JULCE, as SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF JEANICA JULCE, Plaintiff, v. RYAN DENVER, Defendant/Cross-Claim Plaintiff, v. LEE ROSENTHAL, Defendant/Cross-Claim Defendant, And RYAN DENVER, Third-Party Plaintiff, v. UNITED STATES OF AMERICA, Third-Party Defendant. | Civil Action No. 1:2025cv11146 |

**MOTION TO COMPEL**
**(FED. R. CIV. P. 37)**

Now comes Plaintiff Estate of Jeanica Julce, who moves, pursuant to Fed. R. Civ. P. 37, for an order compelling Defendant Lee Rosenthal to produce certain items of discovery, as outlined below. As grounds therefor, the information sought is basic, easily obtained, and the Defendant has likely had this information in his possession for some time now without producing it. Pursuant to Local Rule 7.1, Plaintiff's counsel sent a letter to defense counsel on March 6, 2026, describing

1

various items of outstanding discovery and requesting supplementation.  No response to the letter has been received.  A copy of the letter is attached hereto as Exhibit 1.

Relevant discovery requests and responses are copied below verbatim.  Defendant's Answers to Interrogatories and Responses to Document Requests are attached hereto as Exhibits 2 and 3, respectively.  All of the information sought falls comfortably within the scope of Rule 26, and none of it is privileged.  The scope of Rule 26 is well-known:

> Rule 26(b) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... or discovery of any information that appears reasonably calculated to lead to the discovery of admissible evidence.  Rule 26(b)(1) generally permits liberal discovery of relevant information.  As the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.

Green v. Cosby, 152 F. Supp. 3d 31, 34 (D. Mass. 2015), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)) (internal citations and quotation marks omitted); see also Cherkaoui v. City of Quincy, No. 14 Civ. 10571, 2015 WL 4504937, at *1 (D.Mass. July 23, 2015) ("As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action"); E.E.O.C. v. Electro–Term, Inc., 167 F.R.D. 344, 346 (D.Mass.1996) (same).

## SUPPLEMENTATION REQUESTED

Plaintiff seeks an order compelling production of discovery as follows:

### INTERROGATORY NO. 10

Identify any person who has personal knowledge of the facts and circumstances of this case and any person you intend to call as a witness at the trial, including investigators or any individual who was an eyewitness, or claims to be an eyewitness, regarding all or part of the occurrence including, but not limited to, passengers in your vehicle/vessel, and persons who arrived at the scene after the incident. State in your answer the name, address, current telephone number,

substance of their knowledge, expected testimony, and any lay opinions for such person.

**Answer:  Discovery is ongoing and no decision has been made concerning trial witnesses. I would expect to call any or all of the persons who were involved in Mr. Denver's allision and who saw its aftermath as identified in the police and first responder documents and other items already made available to counsel in the Initial Disclosure materials previously produced by the parties. I will supplement.**

The promise to "supplement" this response has, to date, gone unfulfilled.  To be clear, the interrogatory calls for the name, address, current telephone number, and substance of knowledge of all persons with relevant information.  Not only does this include Evan Casalino, Cheema Mbagwu, and Brian Josephson, as identified in Defendant's initial disclosures, but on March 29, 2022, correspondence was sent on behalf of Mr. Rosenthal to AIG (see 1:22-cv-11401-ADB, ECF# 1-7), wherein it was stated that "all passengers were friends or school classmates of Mr. Rosenthal's brother (or their friends)" and that there were "two unknown women guests of the above passengers."  Despite identifying his brother and these two female passengers to his insurance company, nowhere has Defendant identified these persons in his discovery responses in this case.  Defendant must include in his supplementation the identity, address, and phone number of Mr. Rosenthal's brother, together with the identity, address, and phone number of the two female passengers.

### INTERROGATORY NO. 16

Please provide the telephone number and telephone service provider for each and every cell phone you owned and/or had access to, whether for personal or professional use, on the date of the collision at issue in the Complaint.

**Answer: To the extent discoverable, my attorneys will provide under appropriate confidentiality order or undertaking.**

Again, this information has yet to be delivered.  Defendant must provide the relevant phone number and service provider for the date in question.

3

**<u>INTERROGATORY NO. 22</u>**

Please describe your full and complete understanding of any legal or maritime duties you may have as the operator of a vessel related to (a) safe operation of your vessel; and (b) rendering aid to any persons in the water or in distress.

**Objection: This interrogatory calls for a legal conclusion. Without waiving his objection, defendant states the following:**

**Answer: We approached the vicinity where defendant Denver's vessel had earlier struck the aid to navigation. I circled the area to search as instructed by the captain of the distressed boat. We departed the area as rescue vessels were en route so as not to interfere.**

The answer is non-responsive. The interrogatory calls for Mr. Rosenthal to describe his own understanding of his maritime duties. The answer does nothing to address the question. Defendant must supplement with a responsive answer.

**<u>Document Request No. 25:</u>**

Any photographs and/or videos depicting your vessel before or after the occurrence.

**Response: Defendant will produce these if they exist and can be located.**

To date, nothing has been produced. If Defendant intends to produce nothing, he needs to describe each and every step taken to locate the requested information. It is hard to believe Mr. Rosenthal has no pictures or video of his own boat.

**<u>Document Request No. 28:</u>**

Any title(s) and bill(s) of sale related to your vessel.

**Response: Defendant will produce these if they exist and can be located.**

To date, nothing has been produced. If Defendant intends to produce nothing, he needs to describe each and every step taken to locate the requested information. It is hard to believe Mr. Rosenthal has no such documents, especially where the boat was sold after the incident, as Mr. Rosenthal has indicated in other discovery responses.

**Document Request No. 35:**

Any manuals, instructions, technical drawings, schematic drawings, blueprints, or the like relating to your vessel, your vessel's engines, your vessel's navigational systems, your vessel's communications systems, and your vessel's steering and operation.

**Response: Defendant will produce these if they exist and can be located.**

Once again, nothing has been produced. If Defendant intends to produce nothing, he needs to describe each and every step taken to locate the requested information. It is hard to believe these documents were not located as part of the sale of the vessel.

## INSURANCE INFORMATION

To date, Mr. Rosenthal has only supplied certain declaration pages with essential information redacted, including the named insured(s) of the policies. Mr. Rosenthal needs to supply full and complete insurance information, as required by the rules, including Fed. R. Civ. P. 26 (a)(1)(A)(iv). Mr. Rosenthal's attorneys have also indicated that some or all of Mr. Rosenthal's carriers are defending the case under a reservation of rights, but no reservation of rights letters or documents have been produced. Plaintiff is entitled to clarity on available insurance coverage. Plaintiff moves to compel full, unredacted insurance policies (including exclusions), declaration pages, and any correspondence concerning reservation of rights for any and all insurance policies in this matter.

## REQUEST FOR ORAL ARGUMENT

Plaintiff requests a hearing on this motion.

Respectfully submitted,

Plaintiff, by his Attorney,


/s/ *Kathy Jo Cook*
Kathy Jo Cook, BBO #631389
Benjamin H. Duggan, BBO #684981
Julie N. DeNardo, BBO #707101
Peter R. Chandler, BBO #703139
Sheff & Cook, LLC
10 Tremont St., 7th Floor
Boston, MA 02108
(617) 227-7000
kjcook@sheffandcook.com
bduggan@sheffandcook.com
jdenardo@sheffandcook.com
pchandler@sheffandcook.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused to have served a copy of the foregoing document upon all parties of record via email on March 13, 2026.

/s/ *Kathy Jo Cook*
Kathy Jo Cook

## LOCAL RULE 7.1 CERTIFICATION

I, Kathy Jo Cook, hereby certify that my office conferred pursuant to Local Rule 7.1 with Seth S. Holbrook, Counsel for Lee Rosenthal, via email on March 6, 2026, and March 12, 2026, prior to filing this Motion.

/s/ *Kathy Jo Cook*
Kathy Jo Cook