**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

---

| | | |
|---|---|---|
| WILFRED JULCE as SPECIAL PERSONAL REPRESENATIVE OF THE ESTATE OF JEANICA JULCE, **Plaintiff,** | : : : : : | 1:25-cv-11146-ADB |
| | : | |
| v. | : | |
| | : | |
| RYAN DENVER, **Defendant/Cross-Claim Plaintiff,** | : : | |
| | : | |
| v. | : | |
| | : | |
| LEE ROSENTHAL, **Defendant/Cross-Claim Plaintiff,** | : : | |
| | : | |
| And | : | |
| | : | |
| RYAN DENVER, **Third-Party Plaintiff,** | : : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, **Third-Party Defendant.** | : : | |
| | : | |

---

**UNOPPOSED PROTECTIVE ORDER REGARDING PRIVACY ACT,
CONFIDENTIAL AND PROPRIETARY INFORMATION**

This action stems from a boating accident that occurred at approximately 2:45 a.m. on July 17, 2021, in which the M/V MAKE IT GO AWAY, a vessel owned and operated by Ryan Denver, struck a fixed navigational aid, Boston Main Channel Light No. 5 ("Light 5"), in Boston Harbor. Limitation Petitioner, Counter-Plaintiff, and Defendant Ryan Denver seeks discovery of documents, electronically stored information ("ESI"), or data from the United States through its agencies, the United States Army Corps of Engineers ("Army Corps") and the United States Coast

Guard ("Coast Guard") that was created, transmitted, or prepared by the agencies or their respective contractors, including Great Lakes Dredge and Dock Company, LLC ("Great Lakes"), V. Pavkov Contracting Co., Inc. ("Pavkov"), Appledore Marine Engineering, LLC ("Appledore"), or other government contractors. Specifically, Denver seeks documents and data from the United States concerning dredging operations conducted during the Boston Harbor Deep Draft Improvement Project ("Project"), which was implemented through a contract between the Army Corps and Great Lakes. Denver also seeks information concerning the solicitation and awarding of contracts for the survey and repair of allision-related damage to Light 5 that was implemented through contracts between the Coast Guard and Pavkov, and the Coast Guard and Appledore.

The United States has identified responsive documents, ESI, and data which contains information protected by the Privacy Act, 5 U.S.C. § 552a, business confidential information, information that reveals trade secrets or proprietary information, or research, technical, commercial, or financial information that a government contractor or prospective government contractor maintains is confidential and confers on it a competitive advantage from not being commonly known. For these reasons, and with the agreement of the parties, the Court has determined that there is good cause for the issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling of documents, ESI, and data produced in the above-captioned actions.

The Proposed Order being unopposed, it is hereby ORDERED:

1. **Scope**. All materials produced, filed, exchanged, or adduced during discovery, including responses to discovery requests, responses to third-party subpoenas, deposition testimony, exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order if designated as "Confidential Information" as further defined below.

2.  **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or other proprietary information; (c) research, technical, commercial, or financial information that the party or its contractor or prospective contractor has maintained as confidential and that confers on that party or contractor a competitive advantage from not being commonly known; (d) medical information concerning any individual; (e) personal identity information protected by the Privacy Act, 5 U.S.C. § 552a, including personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.  **Designation**.

a.   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document or the document's Bates Number (if applicable). As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to, or at the time when, the documents are produced or disclosed. Applying the "CONFIDENTIAL" marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not

3

contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.   The marking of a document as "CONFIDENTIAL" is a certification by an attorney that the document contains Confidential Information as defined in this Order.

4. **Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information, provided that at the conclusion of the deposition, counsel moving for protection indicates that the deposition contained such Confidential Information, and until the expiration of the following: Within 14 calendar days after the transcript is delivered to any party or the witness, and in no event later than 30 calendar days after the testimony was given, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony (i.e., page and line number) that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to notify counsel that a deposition contained Confidential Information and serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.  The provisions of this paragraph do not apply to the deposition of Robert Casoli, a retired U.S. Army Corps employee, that was taken on January 26, 2026.  The United States will designate any confidential testimony from Mr. Casoli's deposition within 14 calendar days from the entry of this Order.

5.  **Protection of Confidential Material**.

a.  **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation.

b.  **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1.  **Counsel**. Counsel for the parties and employees of counsel;

2.  **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to conduct the litigation in which the information is disclosed;

3.  **This Court (including any judicial officer to whom this Court may refer this matter to for settlement purposes), its staff and personnel**;

4.  **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

5.  **Contractors and Vendors**. Those persons and/or entities specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6.  **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the "Acknowledgment of Understanding and Agreement to Be Bound" appended hereto;

7.  **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with the review of their individual transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process

set out in this Order may not be disclosed to anyone except as permitted under this Order;

8. **Mediators and their staff.**

9. **Author or recipient**. The author or recipient of the document (not including a person who received the document in the court of litigation); and

10. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

c. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the captioned matter.

6. **Failure to Designate**. The failure to label or otherwise designate a document as "CONFIDENTIAL" at the time of production shall not waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. However, no party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated as Confidential Information, even where the failure to designate was inadvertent and where the material is subsequently designated as Confidential Information.

7. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Court's rules regarding same.

6

8.  **No Greater Protection of Specific Documents**. Except on privilege grounds, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such additional, special protection.

9.  **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a.  **Meet-and-Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within 10 business days.

b.  **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated as Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents of Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present, or that anticipates that another party may present, Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed in Other Litigation**.

a.   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than 5 business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.   The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.   The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The

obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation**.

a. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Obligations at Conclusion of Litigation**. Within sixty (60) calendar days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be destroyed by the receiving party unless (1) the document has been offered into evidence, (2) filed without restriction as to disclosure, or (3) statute, regulation, or a party's internal policies conflict with the requirements of this Section 13(b).

c. **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of the Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in any subsequent litigation, provided that its use does not disclose or use the Confidential Information.

14. **Claw-Back of Privileged Documents Produced During Discovery**.

a. The parties agree to implement and adhere to reasonable procedures to ensure that documents, data, or ESI that are privileged and designated as Confidential are identified and withheld from production.

b.   Notwithstanding the previous paragraph, the production of documents protected by the attorney-client or work product privileges during the course of document discovery shall not constitute a waiver of the privileges or protections from discovery in this case or in any other federal or state proceeding.  This presumption of non-waiver shall apply without inquiry into: (a) whether the parties' production of the document was inadvertent or otherwise, (b) the adequacy or reasonableness of the document review procedures or efforts to rectify any errors made by the party who produced the privileged information or its efforts to rectify the error, or (c) the prejudice which might result from the return and/or inability to use the documents.

c.   Nothing contained herein is intended to, or shall sever to, limit a party's right to conduct a review of the documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

d.   If a party discovers that it has received documents or ESI that the party knows or reasonably should know that the document was protected by the attorney-client or work product privileges, such party shall promptly notify the producing party, in writing, of the disclosure. If requested to do so, the receiving party shall delete or, if deletion is not feasible, segregate the privileged document, and shall not use such information for any purpose.

e.   If a party discovers that it has produced documents or ESI that the party believes are protected by the attorney-client or work product privileges, the producing party shall promptly notify the receiving party in writing of the disclosure. If the receiving party agrees that the document is privileged, the party shall delete the document or, if the deletion is not feasible, segregate the privileged document, and refrain from using it for any purpose.  If the receiving party disputes whether the document is privileged, the party shall advise, in writing, within 10 business days of the date the dispute arises. If the parties cannot resolve the matter after a meet and confer,

10

the party asserting that the document is privileged shall file a motion with the Court seeking a ruling.

f. Even where no notifications under paragraphs (d) and (e) have been made, nothing shall preclude any party from asserting at any time an objection to the use of any documents for any purpose and at any time during the course of this litigation on the basis that it is privileged.

g. Nothing herein shall prevent a receiving party from challenging a producing party's designation of information, ESI, data, or documents produced as Confidential Information or prevent a receiving party from seeking relief from the Court through a motion to compel or otherwise.

h. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel, or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect on the date of entry and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Dated: _____ March 31 ____, 2026

ALLISON D. BURROUGHS
UNITED STATES DISTRICT COURT JUDGE

THE PARTIES, BY AND THROUGH THEIR COUNSEL BELOW, STIPULATE TO ENTRY OF THIS ORDER:

Respectfully submitted,

**Attorneys for the United States of America**

/s/ *Jessica G. Sullivan*
Jessica G. Sullivan
Senior Admiralty Counsel
Bradley K. Baker
Trial Attorney
U.S. Department of Justice, Torts Branch
P.O. Box 14271
Washington, D.C. 20044-4271
Tel.: (202) 616-4044
Fax.: (202) 616-4002
Email: Jessica.Sullivan@usdoj.gov

**Attorneys for Lee Rosenthal**

/s/ *Seth S. Holbrook*
Seth S. Holbrook, BBO #237850
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
Tel.: (617) 428-1151
Fax.: (617) 428-6919
Email: sholbrook@holbrookmurphy.com

Kevin G. Kenneally, BBO # 550050
Warren D. Hutchison, BBO #246150
Sean P. Kelly, BBO #702226
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street, Ste. 2200
Tel.: (617) 963-5698
Fax: (833) 226-4728
Email: kkenneally@fmglaw.com

**Attorneys for Ryan Denver**

/s/ *Kirby L. Aarsheim*
David J. Farrell, Jr., BBO #559847
Liam T. O'Connell, BBO #694477
Kirby L. Aarsheim, BBO #678774
Thomas O. Alger, BBO #714819
FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP
27 Congress Street, Suite 508
Salem, MA 01970
(978) 774-8918, x203
Email: kaarsheim@fsofirm.com

**Attorneys for the Personal Representative and Estate of Jeanica Julce**

/s/ *Benjamin H. Duggan*
Douglas K. Sheff, BBO #544072
Benjamin H. Duggan, BBO #684981
Peter R. Chandler, BBO #703139
Sheff & Cook, LLC
Ten Tremont St., 7th Floor
Boston, MA 02108
Tel.: (617) 227-7000
Fax.: (617) 227-8833
Email: dsheffandcook.com
bduggan@sheffandcook.com
pchandler@sheffandcook.com

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| **WILFRED JULCE as SPECIAL PERSONAL REPRESENATIVE OF THE ESTATE OF JEANICA JULCE,** Plaintiff, | : : : : : |
| | : |
| **v.** | : : |
| **RYAN DENVER,** Defendant/Cross-Claim Plaintiff, | : : : |
| **v.** | : : |
| **LEE ROSENTHAL,** Defendant/Cross-Claim Plaintiff, | : : : |
| **And** | : : |
| **RYAN DENVER,** Third-Party Plaintiff, | : : : |
| **v.** | : : |
| **UNITED STATES OF AMERICA,** Third-Party Defendant. | : : : |

1:25-cv-11146-ADB

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use purposes of the above-captioned action, and not to disclose any such Confidential Information to any other

13

person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Date: _____

Signature: _____