**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WILFRED JULCE, as SPECIAL REPRESENTATIVE OF JEANICA JULCE, Plaintiff, | ) ) ) ) ) ) | |
| v. | ) ) | CA No.: 1:25-cv-11146-ADB |
| RYAN DENVER, Defendant/Cross-Claim Plaintiff, | ) ) ) | |
| v. | ) ) | |
| LEE ROSENTHAL, Defendant/Cross-Claim Defendant, | ) ) ) | |
| And | ) ) | |
| RYAN DENVER, Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, Third-Party Defendant. | ) ) ) ) | |

**DEFENDANT LEE ROSENTHAL'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES FROM PLAINTIFF JULCE**

NOW COMES Defendant Lee Rosenthal ("Defendant"), by and through his undersigned attorney, who moves this Court, pursuant to Fed. R. Civ. P. 37, for an order compelling the Plaintiff, the Estate of Jeanica Julce, to answer interrogatories propounded by Defendant Rosenthal. As reasons therefor, Defendant states the information sought is basic, easily obtained, and the Plaintiff has likely had this information in their possession for some time now without producing it, causing prejudice to Defendant Rosenthal.

Defendant served the Plaintiff with interrogatories on February 2, 2026. (Ex. 1: *February 2, 2026 Email*; Ex. 2: *Rosenthal INTs to Julce*).

Defendant first filed a Motion to Compel Answers to Interrogatories from Julce on April 28, 2026. *Motion to Compel Answers to Interrogatories from Julce by Lee Rosenthal*, Doc. No. 39.

On May 19, 2026, a hearing was held before Magistrate Judge M. Page Kelley on Defendant's Motion to Compel Answers to Interrogatories from Julce. The motion was denied upon agreement that Evelyne Julce, mother of Jeanica Julce, would issue responses interrogatories following the death of Wilfred Julce, Father of Jeanica Julce and prior personal representative of the Estate, in August 2025.  "…as agreed by the parties, the Plaintiff may have Evelyne Julce issue responses to interrogatories before her formal appointment as representative for the estate." *Electronic Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley*, Doc. No. 43.

Defendant received answers to the interrogatories on June 10, 2026. (Ex. 3: *Plaintiff's Answers to Rosenthal's INTs*). Defendant finds these answers to be inadequate.

Defendant sent an email to Plaintiff on June 25, 2026, requesting a conference on the matter. (Ex. 4: *June 25, 2026 Email*). No response to the email has been received.

Fed. R. Civ. P. 33 mandates complete answers, not evasive or incomplete responses that shift the burden of discovery to the propounding party. Answering interrogatories by directing the proponent to search through other discovery materials falls short of the obligations imposed by Rule 33. *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88 (1st Cir. 2012). Similarly, blanket objections to interrogatories, including those requesting basic information fail to meet the requirements of the Federal Rules of Civil Procedure.

**SUPPLEMENTATION REQUESTED**

Plaintiff seeks an order compelling answers to interrogatories that comply with the Federal Rules of Civil Procedure as follows:

**INTERROGATORY NO. 6**
Do you claim damages in this action based on loss of decedent's care, guidance, advice, counsel, training, protection, society, comfort or companionship? If so, state:
        a. The amount of damages claimed;
        b. The method by which such amount was computed and determined; and
        c. A full description of the basis for the claim.

**ANSWER NO. 6**
Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/or constitutes work product. Plaintiff further objects to this Interrogatory as Plaintiff is Plaintiff Decedent's Estate Representative and not an attorney and/or expert on damages. Subject to the foregoing objections and without waiving the same, Plaintiff states as follows.

Plaintiff will be seeking damages based on loss of decedent's care, guidance, advice, counsel, training, protection, society, comfort, and companionship, as well as all other categories of damages that Plaintiff is entitled to receive under relevant statute(s) and/ or common law. Plaintiff further states that its investigation into and discovery on this issue remains ongoing.

Plaintiff's answer to Interrogatory No. 6 is wholly inadequate. Plaintiff has responded with blanket objections based on attorney-client privilege and work product, then adding they "will be seeking damages" in these categories. This response provides Defendant with no information whatsoever regarding the quantum of damages sought, the methodology Plaintiff intends to use to calculate such damages, or the specific factual bases supporting the claim. Defendant is entitled to understand the specific factual and methodological bases for Plaintiff's damages claims in order to prepare a defense and assess settlement. Plaintiff must provide a substantive answer identifying the amount claimed (or a reasonable estimate), the method of computation, and the specific facts supporting each claim.

3

### INTERROGATORY NO. 7

Do you claim damages based on your mental anguish, grief or sorrow resulting from the death of the decedent? If so, state:

      a. The amount of damages claimed;

      b. The method of computing or determining the amount of damages for such claim;

      c.  A detailed description of your, or any other previous personal representative of Jeanica Julce, physical and mental condition for the year immediately preceding decedent's death, including any illnesses, injuries, periods of hospitalization, visits to doctors, issue of medication and drugs, and similar information; and

      d.  A detailed description of your health since the decedent's death.

### ANSWER NO .7

Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/ or constitutes work product. Plaintiff further objects to this Interrogatory as Plaintiff is Plaintiff Decedent's Estate Representative and not an attorney and/ or expert on damages. Subject to the foregoing objections and without waiving the same, Plaintiff states as follows.

Plaintiff will be seeking all applicable categories of damages that Plaintiff is entitled to receive under relevant statute(s) and/ or common law. Plaintiff further states that its investigation into and discovery on this issue remains ongoing.

Plaintiff's answer to Interrogatory No. 7 suffers from the identical deficiencies as his answer to Interrogatory No. 6. This non-answer deprives Defendant of critical information necessary to evaluate and defend against Plaintiff's emotional distress claims. Further, the interrogatory does not seek attorney work product or privileged communications; it seeks factual information regarding Plaintiff's own physical and mental health before and after the decedent's death, which is directly relevant to assessing the validity and extent of any emotional distress damages. If Plaintiff is claiming mental anguish, grief, or sorrow, they must disclose the factual bases for that claim, including their baseline health status and any changes since the incident. Referring to ongoing investigation does not satisfy Plaintiff's obligation to answer fully and completely. Defendant is entitled to a substantive response that provides the requested details

regarding Plaintiff's condition, the amount of damages claimed (or a reasonable estimate), and the methodology for computing such damages.

**INTERROGATORY NO. 8**
Please state the full and complete factual and evidentiary bases in the custody of plaintiff and counsel at the time of filing the Complaint that support the allegation, set out in Paragraph 28 of the Complaint, that Defendant's boat "struck Jeanica Julee," including identifying any documents in support of such.

**ANSWER NO. 8**
Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/ or constitutes attorney work product and thought process. Subject to and without waiving the foregoing objections, Plaintiff, based on the Third-Party Complaint filed by Claimant Ryan Denver in the related limitation action, along with Plaintiff's investigation into the underlying events developed a good faith basis for asserting the same. Plaintiff further refers Defendant to the contents of Plaintiff's Amended Complaint.

Interrogatory No. 8 seeks the core factual bases for Plaintiff's claims against Defendant. Plaintiff's response is evasive and incomplete. The assertion of a "good faith basis" does not excuse Plaintiff from disclosing what that basis is. Defendant is entitled to know what evidence Plaintiff relied upon when making this serious allegation so that Defendant can investigate and adequately prepare a defense. The reference to the Plaintiff's Amended Complaint is not instructive as to any facts and is insulting.

**INTERROGATORY NO. 9**
Please state the full and complete factual and evidentiary bases obtained by plaintiff and counsel since filing the Complaint that support the allegation, set out in Paragraph 28 of the Complaint, that Defendant's boat "struck Jeanica Julee," including identifying any documents in support of such.

**ANSWER NO. 9**
Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/ or constitutes attorney work product and thought process. Subject to and without waiving the foregoing objections, Plaintiff states

5

as follows: defense counsel is welcome to review the evidence in the case, and Plaintiff's counsel is not obligated to do defense counsel's job for him.

Plaintiff's answer to Interrogatory No. 9 is even more deficient than his answer to Interrogatory No. 8. The interrogatory requested the factual and evidentiary bases obtained by Plaintiff since filing the Complaint that support the allegation that Defendant's boat struck the decedent. Plaintiff further added that "defense counsel is welcome to review the evidence in the case, and Plaintiff's counsel is not obligated to do defense counsel's job for him." This response is not merely evasive; it is contemptuous of the discovery process. As discussed in *Mulero-Abreu,* answering interrogatories by directing the proponent to "sift through documents previously delivered in search of documents they requested" falls short of their obligations imposed by applicable Federal Rules of Civil Procedure. *Mulero-Abreu*, 675 F.3d at 93. Defendant is entitled to a complete answer identifying documents and other evidence obtained since the filing of the Complaint that support the allegation that Defendant's boat struck the decedent.

### INTERROGATORY NO. 10
Please identify fully all witnesses or individuals who provided the information to support a putative good faith basis for the allegation set forth in Paragraph 28 of the Complaint, that Defendant's boat" struck Jeanica Julee," including the person's full name, address, occupation, phone number and a summary of the person's account that was relied upon in formulating the averments in Paragraph 28.

### ANSWER NO. 10
Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/ or constitutes attorney work product and thought process. To the extent further response is necessary, Plaintiff refers Defendant to Answers 8 and 9.

Plaintiff's answer to Interrogatory No. 10 requested identification of all witnesses or individuals who provided information to support the allegation that Defendant's boat struck the

6

decedent. Plaintiff has again provided a response that is wholly inadequate and further refers to their insufficient answers to Interrogatories 8 and 9. As discussed above, Answers 8 and 9 provide no responsive information; they too are evasive and incomplete. This circular non-response deprives Defendant of critical information necessary to prepare a defense. For example, Plaintiff's counsel made representation during the deposition of Lee Rosenthal on June 10, 2026, that they hired a Pathologist regarding the alleged propeller strike. (Ex. 6: *Excerpt from the Deposition of Lee Rosenthal*). To date no information regarding individuals who provided the factual information to support a putative good faith basis for the allegation has been provided. Plaintiff's refusal to do so, particularly when the information is directly relevant to the central factual allegation in the case, is a failure to answer that warrants an order compelling a full and complete response.

> ### INTERROGATORY NO. 13
> If in fact you claim that Rosenthal violated any statute, rule, code, or any other standard of care which in some way contributed to this accident, state precisely what that code, rule, statute or standard of care is and state all of the facts that you are aware of as to how this defendant violated such.
>
> ### ANSWER NO. 13
> Objection. Plaintiff objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/ or constitutes attorney work product and thought process. Plaintiff further objects to this interrogatory as Plaintiff is the Estate's Representative and is not an attorney and/ or expert. Plaintiff further objects to this interrogatory, as it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff states that the Estate will make appropriate expert disclosures when required.

Plaintiff's answer to Interrogatory No. 13 is evasive. This response fails to provide any substantive information. First, the interrogatory does not call for a legal conclusion; it asks Plaintiff to identify the specific legal standards they contend Defendant violated and the factual bases for those contentions. Second, the promise to make "appropriate expert disclosures when

required" does not satisfy Plaintiff's obligation to answer the interrogatory. If Plaintiff contends that Defendant violated a statute, rule, code, or any other standard, of care which in some way contributed to this accident they must identify them now, along with a factual basis for the alleged violations. Defendant cannot prepare a defense, retain appropriate experts, or assess liability without knowing what legal standards Plaintiff contends were violated and what facts support those contentions. The objections asserted do not justify withholding this information.

Wherefore, Defendant Rosenthal prays this Court enter an order compelling the Plaintiff to provide supplemental answers interrogatories within thirty days of the filing of this Motion together with an award of costs and attorneys' fees for having to file this motion.

## REQUEST FOR ORAL ARGUMENT

Defendant requests a hearing on this motion.

Respectfully Submitted,

The Defendant
Lee Rosenthal
By his attorney,

Dated: June 30, 2026

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
P: 617-428-1151
F: 617-428-6919
sholbrook@holbrookmurphy.com

8

## LOCAL RULE 7.1 CERTIFICATION

I, Seth S. Holbrook, hereby certify that my office attempted to confer pursuant to Local Rule 7.1 with Benjamin H. Duggan, Counsel for the Plaintiff on June 25, 2026, but has been unable to do so.

*/s/ Seth S. Holbrook*
Seth S. Holbrook, BBO# 237850

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Seth S. Holbrook*
Seth S. Holbrook, BBO# 237850